**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 6, 2019
Decided February 6, 2019

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-2904

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:15-CR-30075-SMY-2 |
| TERRELL McGEE, <br> *Defendant-Appellant*. | Staci M. Yandle, <br> *Judge*. |

**O R D E R**

Terrell McGee wielded a gun and, with others, robbed a grocery store and a gas station. His coconspirators shot bystanders during both robberies. The government charged McGee with two counts each of conspiracy to commit robbery, 18 U.S.C. § 1951(a), robbery, *id.*, and discharging a firearm during a crime of violence, *id.* § 924(c)(1)(A)(iii), (C)(i). McGee pleaded guilty under the terms of a plea agreement. The district court sentenced McGee to 300 months in prison, a term below the Sentencing Guidelines range of 483 to 498 months. McGee filed a notice of appeal, but his counsel tells us that the appeal is frivolous, and he moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). McGee has not responded to counsel's motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because counsel's analysis appears

thorough, we limit our review to the topics he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether McGee could challenge the adequacy of his plea colloquy. Counsel should not have explored this option unless he first advised McGee of the risks and benefits of bringing the challenge and confirmed with McGee that he wants to withdraw his guilty plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Counsel does not say whether he did.

Still, we agree with counsel that it would be frivolous to argue that the court failed to substantially comply with Federal Rule of Criminal Procedure 11(b) when accepting McGee's plea. *See Konczak*, 683 F.3d at 349. For example, the court ensured that there was an adequate factual basis of the plea and that McGee understood the charges against him, the trial rights he was forgoing, the terms of the plea deal, and the possible punishment. True, after the court pronounced McGee's sentence, McGee said that he had expected a larger reduction in the Sentencing Guidelines range for cooperating with the government and that he "fe[lt] like that should have been further explained." But McGee said at his plea hearing that he was satisfied with his counsel's representation and that he had had a "sufficient chance and opportunity" to review the terms of the agreement with counsel.

Relatedly, counsel discusses the court's denial of McGee's post-judgment motion to withdraw his guilty plea. Counsel correctly concludes that it would be frivolous to challenge that decision because a defendant may not withdraw a guilty plea in the district court after the sentence is imposed. *See* FED. R. CRIM. P. 11(e).

Counsel next contemplates challenging the procedural or substantive reasonableness of McGee's sentence, and he rightly declines to do so. In his plea agreement, McGee waived his right to appeal his sentence unless it was longer than the court-determined Guidelines range; his 300-month sentence is far shorter than the low end of that range. Because no constitutional exceptions to the appeal waiver apply, we would enforce it. *See United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016); *United States v. Adkins*, 743 F.3d 176, 192–93 (7th Cir. 2014). Therefore, a challenge to McGee's sentence would be frivolous as well.

Counsel raises two final matters. First, he discusses a letter that McGee sent to the district court after he was sentenced, in which he stated that his constitutional rights were being violated and that he was "being deprived of life and liberty without due

process of law." As counsel points out, McGee seems to be seeking collateral relief, which the plea agreement bars with limited exceptions. Second, because the agreement's bar on collateral attacks does not apply to the challenge, counsel considers arguing that McGee received ineffective assistance of counsel. But counsel appropriately concludes that any claim of ineffective assistance of counsel would be best saved for a collateral proceeding so that McGee may develop a more thorough evidentiary record. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003); *Delatorre v. United States*, 847 F.3d 837, 844–45 (7th Cir. 2017).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.